GROENING v. WOLFF.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. APPEAL AND ERROR (§ 1012*)—REVIEW—WEIGHT OF EVIDENCE.
   Where the evidence is such that it would be difficult to come to any other conclusion than that reached by the trial court, its judgment cannot be disturbed as being against the weight of the evidence.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3990; Dec. Dig. § 1012.*]

2. NUISANCE (§ 23*)—INJUNCTION—NOTICE AND OPPORTUNITY TO ABATE.
   Where a nuisance sought to be enjoined was called to defendant's attention before suit, and he contended he was not causing it, and the case is tried on that theory, and he is shown to be the cause of the injury, there is no ground to hold that he had no notice of the nuisance and opportunity to abate it.
   [Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 59; Dec. Dig. § 23.*]

Appeal from Special Term, Kings County.

Action by Augusta Groening against Peter Wolff. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Henry Weismann, for appellant.
Max E. Lehman, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J.  This action was brought to restrain the defendant from maintaining certain toilets, alleged to constitute a nuisance, in that the percolating sewage entered the plaintiff's cellar through the walls, making her premises unsanitary and destroying her foundations.  The premises owned and occupied by the parties are adjacent, and the toilets are contained in that part of the defendant's premises immediately adjoining the plaintiff's wall.

The trial resulted in a judgment restraining the defendant from maintaining the toilets, and upon this appeal the principal point urged is that the judgment is against the weight of evidence.  We have examined the record, but fail to discover merit in the defendant's contention.  The evidence is such that it would be difficult to come to any other conclusion than that reached by the learned court.  There is no question as to the location of the toilets, and the evidence precludes the idea that the damages unquestionably sustained by the plaintiff result from any other cause than that alleged in the complaint and supported by the testimony

Equally without merit is the contention that the defendant did not have notice of the nuisance and an opportunity to abate it.  The matter was called to his attention at various times, but appears to have been met with the same contentions which were made on the trial, to the effect that the defendant was not causing the nuisance; and now that the case has been tried upon that theory, and the defendant is shown to have been the cause of the plaintiff's injury, there is no ground for holding that there was any lack of proper notice.

The judgment appealed from should be affirmed.

Judgment affirmed with costs.  All concur.